IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Crim. No. 07-02 Erie |
| | ) |
| TONDRA C. GRIFFIN | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Defendant Tondra Griffin has filed a Notice of Appeal (Doc. 21), appealing from the Magistrate Judge's Order of Detention issued following a detention hearing held on January 25, 2007. Pursuant to 18 U.S.C. § 3145(b), a defendant detained by a magistrate judge may seek a review of the detention order before the district court. "The district court conducts its own de novo determination of the facts paying no deference to the magistrate judge's findings." United States v. Lutz, 207 F.Supp.2d 1247, 1251 (D.Kan. 2002) (citing United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir.1990); and United States v. Gaviria, 828 F.2d 667, 670 (11th Cir.1987); United States v. Chagra, 850 F.Supp. 354, 356 (W.D.Pa. 1994). see also United States v. Delker, 757 F.2d 1390, 1394 (3d Cir.1985) (referring to the government's appeal of a magistrate judge's release order). "De novo review does not require a de novo evidentiary hearing." Lutz, at 1251; United States v. Burks, 141 F.Supp. 2d 1283, 1285 (D.Kan. 2001); United States v. Koenig, 912 F.2d 1190., 1193 (9th Cir.1990).

In Ms. Griffin's request for review of the detention order she does not proffer additional evidence or argument as to why the Magistrate Judge's decision was in error or why she should be released pretrial. Our review of the pleadings, evidence, and transcript of the detention hearing does not show that additional evidence is necessary to assist us in our review. Delker, 757 F.2d 1995 n.3 (a transcript of the detention hearing is preferable for "consideration by the district court in its review of the magistrate's decision, in order that the court may, in an informed exercise of

discretion, determine whether additional evidence is desirable.") There is no indication that the defendant intends to present new evidence or argument at a new evidentiary hearing. Our *de novo* review of the pleadings, evidence and transcript of the detention hearing is complete, and we conclude that defendant's appeal should be denied. Thus, we will deny Ms. Griffin's Appeal. Our reasons for denying Ms. Griffin's appeal are as follows.

Pursuant to the Bail Reform Act of 1984 18 U.S.C. §§ 3141-3150, a defendant must be released pretrial unless the Magistrate Judge determines that "such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). A detention hearing is mandated when the government moves for detention in a case that involves an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. § 3142(f)(1)(C). The purpose of the detention hearing is to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. 18 U.S.C. § 3142(f). In making this determination, the judicial officer is to "take into account the available information concerning" the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense . . . for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and the characteristics of the person, including-
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . . .

18 U.S.C. § 3142(g).

a rebuttable presumption against pretrial release arises when the defendant is charged with an offense proscribed in the Controlled Substances Act for which the maximum term of imprisonment is ten years or more. The presumption which arises is that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). This presumption arises if there is probable cause to believe that the defendant actually committed the offense with which he is charged. 18 U.S.C. § 3142(e); United States v. Suppa, 799 F.2d 115, 118 (3d Cir.1986).

Chagra, 850 F.Supp. at 357. "Defendant may rebut this presumption by producing 'some credible evidence that he will appear and will not pose a threat to the community.'" Chagra, 850 F.Supp. at 357, quoting United States v. Carbone, 793 F.2d 559, 560 (3d Cir.1986). "The defendant's burden of production is relatively light and has been construed as easy to meet." Chagra, 850 F.Supp. at 357 (citation omitted). "If the defendant rebuts the presumption, the burden of persuasion remains with the government." Chagra, 850 F.Supp. at 357 (citation omitted).

In this case a federal grand jury indicted the defendant with two counts of possession with the intent to distribute 5 or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and two counts of possession with the intent to distribute less than 5 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The government sought to detain the defendant and a detention hearing was held on January 25, 2007. Following the hearing the Magistrate Judge ordered that the defendant be detained and entered an Order of Detention Pending Trial. (Doc. 14)

In her Order, the Magistrate Judge found that there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed. The Magistrate Judge has found that the defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. (Doc. 14.) The Magistrate Judge also stated in her written findings that the evidence submitted at the hearing established by clear and convincing evidence that (1) the defendant is charged by indictment with a crime under the Controlled Substances Act, and with two prior felony convictions, as a career offender; (2) the

3

defendant is not employed and has not been employed locally since moving to Erie in 2003; (3) defendant lives alone with her five year old daughter and would return to the same living arrangements if released; and (4) no custodial arrangement is available and no electronic monitoring arrangement is sufficient under her living arrangements to assure compliance. (Doc. 14.)

Because Ms. Griffin is charged with a violation of the Controlled Substances Act for which the maximum penalty is ten years or more and that there is probable cause to believe that the defendant committed the offense, the presumption arises that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. 18 U.S.C. § 3142(e). The burden of rebutting this presumption falls on the defendant. At the hearing the magistrate judge stated:

> The federal law says it takes very little to rebut [the] presumption. But in this case I don't have anything to rebut the presumption. I would be sending you back to the same place you lived when you were charged with a crime. There would be no one there to act in a custodial fashion. You don't have employment to return to.

(Tr. of Detention Hearing, Jan. 25, 2007, at tr. page 16, doc. page 20.) Because the defendant failed to rebut the statutory presumption, pretrial detention was warranted. See United States v. King, 849 F.2d at 488; United States v. Allen, 891 F.Supp. at 598 n. 9; United States v. Chagra, 850 F.Supp. at 356.

We have reviewed the transcript from the detention hearing and find no testimony or evidence to support a finding that defendant rebutted the presumption. The government addressed the risk of flight factor by proffering that Ms. Griffin has two prior felony convictions that would make her a career offender if convicted on the current indictment making her possible imprisonment penalty a minimum of thirty years and a maximum of life. The government also explained that Ms. Griffin has very little ties to the Erie community. With regard to her past offenses, the government noted that she failed to appear for one of her hearings and that she had violated the conditions of her probation on one occasion. The government also set forth the

circumstances surrounding several of Ms. Griffin's offenses in Erie to show a pattern of violence, non-compliance, and not being truthful to authorities.

The evidence also reveals that Ms. Griffin moved to Erie from Detroit Michigan in 2003 after the father of her child was murdered.. She lives alone with her five year old daughter, who attends a local elementary school. She is unemployed, although she is trained as a hair dresser. There was no evidence offered that a custodial person was available for Ms. Griffin.

We find, as did the Magistrate Judge, that the defendant has failed to rebut the presumption that she should be detained. Thus, detention is warranted. We also find, as did the Magistrate Judge, that the government established by clear and convincing evidence that (1) the defendant is charged by indictment with a crime under the Controlled Substances Act, and with two prior felony convictions, as a career offender; (2) the defendant is not employed and has not been employed locally since moving to Erie in 2003; (3) defendant lives alone with her five year old daughter and would return to the same living arrangements if released; and (4) no custodial arrangement is available and no electronic monitoring arrangement is sufficient under her living arrangements to assure compliance. In addition, we find that the risk of flight here is great in light of the possible penalties facing Ms. Griffin as a career offender, and the fact that she has been living in Erie only three years. Finally, the Court finds that no condition or combination of conditions will reasonably assure the appearance of Ms. Griffin as required and the safety of any other person and community. Accordingly, defendant will be detained pending trial.

An appropriate Order follows

## ORDER

AND NOW, to-wit, this _12th_ day of February, 2007, it is HEREBY ORDERED, ADJUDGED, and DECREED that Defendant Tondra C. Griffin's Notice of Appeal from the Magistrate Judge's Order of Detention be and hereby is DENIED, and the Magistrate Judge's January 25, 2007 Order of Detention Pending Trial be and hereby is AFFIRMED.

IT IS FURTHER ORDERED that the Defendant remain in the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel. Upon order of a court of the United States or request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc:  Counsel of record