IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Crim. No. 07-02 Erie |
| ) | |
| TONDRA C. GRIFFIN ) | |
| ) | |
| Defendant. ) | |

# OPINION

Defendant Tondra Griffin has filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582(c) for a reduction of sentence. ECF No. 50. The Federal Public Defender was appointed to represent Ms. Griffin in this matter. ECF No. 51. However, the Federal Public Defender's has filed a motion to withdraw as counsel based on Ms. Griffin's request so that she can proceed *pro se*. ECF No. 52. We granted the motion to withdraw and will now address Ms. Griffin's motion for a reduction of her sentence under section 3582(c)(2) based on changes to the Guidelines concerning crack cocaine.

A federal grand jury indicted the defendant with two counts of possession with the intent to distribute 5 or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), and two counts of possession with the intent to distribute less than 5 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On October 2, 2007, Ms. Griffin plead guilty to Count 4 charging her with violating 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), pursuant to a plea agreement in which the parties agreed that Ms. Griffin was responsible for 24.6 grams of crack cocaine. Plea Agr. ¶ C.2.

A Presentence Report was prepared indicating that Ms. Griffin's base offense level was 26 and with a 3-level reduction for timely acceptance of responsibility her adjusted offense level

was 23. Her criminal history category points were determined to be 6, which corresponds to a Criminal History category of III. However, Ms. Griffin was determined to be a career offender and thus her offense level was enhanced to 31 and her Criminal History category was enhanced to VI. Therefore, she faced a recommended guideline range of imprisonment of 188 to 235 months.

Prior to sentencing the Defendant filed a Motion to Strike Career Offender Enhancement and Motion for Reduction of Sentence, requesting a downward departure. In addition, the Probation Officer concluded that Ms. Griffin's criminal history was over represented, and recommended a downward departure. We agreed with the Probation Officer and thus found that her criminal history was over represented and found that an adjusted offense level of 23 and criminal history category V was more appropriate. An offense level of 23 and Criminal History V correspond to an advisory guideline sentencing range of 84 to 105 months' imprisonment. On January 22, 2008, I then sentenced Ms. Griffin to a term of imprisonment of 96 months, which was a little higher than the middle of the guideline range.

Shortly after she was sentenced Ms. Griffin filed a Motion Under Title 18 U.S.C. § 3582(c) for a reduction of sentence based on Amendment 706 to the Guidelines adopted by the United States Sentencing Commission on November 1, 2007. Amendment 706 lowered the ratio between crack and powder cocaine offenses resulting in lower guideline offense levels for defendants facing sentencing for crack cocaine offenses than they would have faced before the Amendment. Section 3582(c)(2) of Title 18 permits a district court to retroactively reduce the term of imprisonment of a defendant "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and Amendment 706 qualifies as such a reduction. We

denied Ms. Griffin's motion because she was sentenced after the Amendment became effective and thus she did receive any benefit from that Amendment she was due.

On August 3, 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity between crack cocaine and powder cocaine by reducing the statutory penalties for crack cocaine. Thereafter, the United States Sentencing Commission adopted Amendment 750 to account for the changes in the Fair Sentencing Act and revised the crack cocaine guidelines commensurate with the reductions in the statute. On June 30, 2011, the Sentencing Commission Adopted Amendment 759, making the changes in Amendment 750 retroactive to offenders who are serving terms of imprisonment.

This brings us to Ms. Griffin's present motion for reduction in sentence pursuant to section 3582(c). The statute provides in relevant part as follows:

> **(c) Modification of an imposed term of imprisonment.**– The court may not modify a term of imprisonment once it has been imposed except that– . . .
>
> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The "applicable policy statement" relevant here is § 1B1.10, which, among other things, excludes a court from retroactively reducing a defendant's sentence if the amendment (here Amendment 750) "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a).

As noted, Ms. Griffin's guideline range was calculated under the Career Offender Guidelines making her range of imprisonment 188 to 235 months, but because we departed from the career offender range we based her actual sentence on the lower applicable crack cocaine

3

guideline range of 84 to 105 months. The lower applicable crack cocaine range was derived from an offense level of 26 for 26.4 grams of crack cocaine. That offense level was reduced to 23 due to her timely acceptance of responsibility.

Under the new Amendment 750, and the drug quantity tables in § 2D1.1, the offense level now applicable for 26.4 grams of crack cocaine is 24. With a 3-level reduction, the offense level would be 21. Applying the same criminal history category of V we originally applied with an offense level of 23, equates to a guideline sentencing range of 70 to 87 months' imprisonment. Ms. Griffin thus meets the first hurdle in section 3582(c) in that she was "sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission" 18 U.S.C. § 3582(c)(emphasis added).

However, as noted, we our without power to retroactively reduce a sentence if Amendment 750 "does not have the effect of lowering the defendant's *applicable guideline range*." U.S.S.G. § 1B1.10(a)(emphasis added). The United States Court of Appeals for the Third Circuit has addressed this issue in several cases as applied to defendants who were determined to be career offenders. See United States v. Mateo, 560 F.3d 152 (3d Cir. 2009) (career offender defendants who were sentenced under the career offender guideline are not eligible for a retroactive sentence reduction as the "applicable guideline range" was not lowered); United States v. Flemming, 617 F.3d 252 (3d Cir. 2010) (career offender defendants who were granted a downward departure under a pre–2003 edition of the Sentencing Guidelines - and sentenced under a crack cocaine guideline range - are eligible for retroactive sentence reduction due to an ambiguity in defining the phrase "applicable guideline range" in pre-2003 Guidelines); and United States v. Barney, 672 F.3d 228 (3d Cir. 2012) (the "applicable guideline range" for a career offender receiving a § 4A1.3 departure under a post–2003 edition of the

4

Guidelines is the range that is determined *before* a departure, and thus career offender defendants who were granted a downward departure are not eligible for a retroactive sentence reduction).

In Barney, the Court considered the post-2003 addition of a definition of "departure" added to the commentary to section 1B1.1. The Court "conclude[d] that the definition's explicit statement that a § 4A1.3 departure is the "assignment of a criminal history category in order to effect a sentence outside the applicable guideline range," U.S.S.G. § 1B1.1 cmt. n.1(E) (emphasis added), leaves no doubt that a § 4A1.3 departure is a departure from the applicable guideline range, not a departure to the applicable guideline range." Barney, 672 F.3d at 231-232. Based on this alone we conclude that Ms. Griffin's "applicable guideline range" is the sentencing range calculated under the Career Offender Guidelines, and thus she is not eligible for a sentence reduction.

In addition, the commentary to section 1B1.10 has again been amended to make it clear that a defendant's "applicable guideline range" for purposes of determining whether a retroactive reduction is permitted is the guideline range calculated *before* consideration of any departure. Application Note 1(A) states in pertinent part: "Eligibility for consideration under 18 U.S.C. 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (*i.e.*, the guideline range that corresponds to the offense level and criminal history category . . . determined *before* consideration of any departure provision in the Guidelines Manual or any variance)." U.S.S.G. § 1B1.10, comment. (n.1(a)) (emphasis added). See also United States v. Hilliard, 2012 WL 425968 (W.D.Pa. Feb. 9, 2012); United States v. Flemming, 2012 WL 33019 (E.D.Pa. Jan 5, 2012).

Accordingly, we conclude that Ms. Griffin's "advisory guideline range" is the range determined by the Career Offender Guidelines, not her departure range based on the crack

5

cocaine guidelines. Because her Career Offender Guideline range of 188 to 235 months has not been lowered by Amendment 750, a sentence reduction would not be consistent with the policy statement of section 1B1.10. Therefore, Ms. Griffin is not eligible for a sentence reduction under 18 U.S.C. § 3582(c).

Accordingly, we will deny Ms. Griffin's motion.

## ORDER

AND NOW, to-wit, this __17th__ day of May 2012 it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582(c) (ECF No. 50) be and hereby is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record

   Tondra Griffin, *pro se*
   No. 20473-068
   FCI WASECA
   Federal Correctional Institution
   P.O. Box 1731
   Waseca, MN 56093-